|, PETTIGREW, J.,
dissenting.
I agree with the majority that the use of the word “shall” in La. R.S. 33:423 mandates that a recommendation be made by the police chief to the St. Gabriel City Council for appointment of police personnel, promotion of officers, to effect discipline, and/or for dismissal of police personnel. However, the statute only requires a recommendation. Nothing in the statute says the police chief shall have the final authority to fire, hire, effect discipline, or dismiss police personnel. That authority and power is still vested with the Council.
In the case at hand, the police chief made a recommendation of administrative duty. The Council did not accept that recommendation and chose instead to terminate. The contract of employment that the appellant had was with the municipality. Grant breached same by violating La. R.S. 40:2405. To terminate him due to this violation was the choice of the Council.
The majority is constrained by the law of this circuit as held in Lee v. Grimmer, 99-2196 (La.App. 1 Cir. 12/22/00), 775 So.2d 1223. Although I also respectfully disagree with the holding in Lee, I, in particular, feel the instant case is distinguishable from Lee. In Lee, the police chief made no initial recommendation. In the instant case, the police chief did make a recommendation. However, the Council chose not to follow it, which, I believe, was within their authority to do. I therefore respectfully dissent from the majority and would reverse the trial court.